## Curtis v. Curtis

*Daniel L. Haller*, for plaintiff.

ROWLEY, *J.*, October 2, 1975—We have before us for consideration the report of the master in the above-captioned case recommending that a divorce be granted on the ground of indignities. We must return the matter, however, to the prothonotary due to a failure by plaintiff's counsel to comply with Pennsylvania Supreme Court Rule No. 11.

Plaintiff was represented at the hearing before the master by "an eligible law student" registered with the Neighborhood Legal Services Association of Beaver County. From the record, it appears that the student has been properly certified by the dean of his law school and registered with the Supreme Court of Pennsylvania. It also appears from the record that plaintiff in this case, Loretta K. Curtis, is an "indigent person." However, Rule No. 11A.1 provides that such a law student may appear in this proceedings "if the person on whose behalf he is appearing has indicated in writing his consent to that appearance . . ." No such consent or approval appears in the record of this case.

It seems clear to us that the Supreme Court's rule was intended to permit such appearances only when the client is willing to be represented by one who has not completed his legal education nor been generally admitted to the practice of law. Therefore, in order to justify the appearance of the student in this case, it is essential that the client's written consent and agreement thereto be made a part of the record.

For these reasons, we make the following

## ORDER

Now, October 2, 1975, this case is remanded to the prothonotary for further proceedings in accordance with the foregoing opinion.